### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHAWNA KEISER, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) No.: _____ v. ) ) Honorable_____ BEST BUY STORES, L.P., erroneously sued ) as BEST BUY CO. INC., ) ) Defendant. | |

## NOTICE OF REMOVAL

Defendant Best Buy Stores, L.P., erroneously sued as Best Buy Co. Inc., and Best Buy Co. Inc. (collectively, "Best Buy"), remove this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Plaintiff initiated this action on July 19, 2022, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2022-CH-06954.

Removal is warranted for the following reasons. First, this case meets the jurisdictional requirements under the Class Action Fairness Act ("CAFA") because the aggregate amount in controversy of this putative class action exceeds $5 million, there are at least 100 members of the proposed class, and the required minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Second, removal is also warranted under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Furthermore, this Court is the appropriate court for removal pursuant to 28 U.S.C. §§ 1441(a) and 1453 because the action originated in Cook County, IL, which lies within this district and division. In further support of removal, Best Buy states as follows:

## I. NATURE OF REMOVED ACTION

1. On July 19, 2022, Plaintiff Shawna Keiser ("Plaintiff") filed this putative class action in the Circuit Court of Cook County. The Complaint is attached hereto as **Exhibit A**.

2. Plaintiff served Best Buy with the state court summons and the Complaint on August 5, 2022. The state court summons is attached hereto as **Exhibit B.**

3. Plaintiff asserts one cause of action against Best Buy for an alleged violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. ("the Act"). *Id.* at ¶¶ 49-56. Specifically, Plaintiff alleges that "virtually all the products . . . sold in Defendant's stores are presented to the consumer without any access to the product's warranty, pre-sale" and that that violates the pre-sale availability rule under the Act. *Id.* at ¶¶ 27-28.

4. Plaintiff seeks to bring this claim on behalf of a class of "[a]ll citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." *Id.* at ¶ 40.

5. The Complaint seeks: class certification; a finding that Best Buy's actions "constitute violations" of the Act; judgment against Best Buy for "injunctive, declaratory, and other equitable relief"; and "award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action." *Id.* at Prayer for Relief.

## II. THIS CASE IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

6. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

7. CAFA extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a state different from any

2

defendant. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). As explained below, each of these requirements is met here.

### A. This Case is a Class Action

8. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to bring this case as a class action under Illinois Code of Civil Procedure Section 2-801. 735 ILCS 5/2-801; **Exhibit A,** at ¶ 40.

9. "[S]ection 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure." *De La Riva v. Houlihan Smith & Co., Inc.*, No. 10 C 8206, 2014 WL 7053772, at *1 (N.D. Ill. Dec. 12, 2014) (internal citations omitted). Accordingly, this case qualifies as a class action under CAFA.

### B. The Aggregate Amount in Controversy Exceeds $5,000,000

10. For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2), (d)(6). While Plaintiff does not allege a specific amount in controversy, Plaintiff seeks "all injunctive, declaratory, and other equitable relief" including "experts' fees, attorneys' fees, and the costs of prosecuting this action." **Exhibit A,** at p. 14 (Prayer for Relief ¶¶ (c) and (d)).

11. To satisfy the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014). The amount in controversy includes the value of any declaratory or injunctive relief sought. 28

U.S.C. § 1332(d)(6); *Keeling v. Esurance Ins. C*o., 660 F.3d 273, 274 (7th Cir. 2011) ("cost of prospective relief cannot be ignored in the calculation of the amount in controversy.").

12. In determining the amount in controversy, the value of requested injunctive relief may be considered from either the plaintiff's or the defendant's point of view. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation . . . . The value of that right is measured by the losses that will follow from the statute's enforcement"). Any statutory attorneys' fees sought are also properly included in determining the jurisdictional amount up to the time of removal. *See ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 512 (7th Cir. 2006)("attorneys' fees up to the time of removal also count toward the jurisdictional amount")).

13. Best Buy estimates that the cost of implementing Plaintiff's requested injunctive relief to be in excess of $5 million. This would include but not be limited to the following: costs to review and assess whether revisions are required for Best Buy's webpages for products costing more than $15 and that come with a warranty; costs to revise and update such product pages and links in a manner compliant with any such injunction; costs to obtain and maintain any necessary warranties for products over $15; and costs to hire and train employees in a manner consistent with any such injunction.

14. Plaintiff also seeks attorneys' fees. **Exhibit A** at p. 14 (Prayer for Relief ¶ (d)). The Act allows a court to award a prevailing consumer "cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred." 15 U.S.C. § 2310(d)(2). Here, the billable rate for class action attorneys in Illinois appears to be

in the range of $600. *See E.Z. by Braun v. United States,* No. 17 C 216, 2020 WL 757890, at *3 (N.D. Ill. Feb. 14, 2020) ("In a recent class action lawsuit in this district, [lawyers] recouped fees at the rate of $600 per hour.") (citing *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Inj. Litig.,* 332 F.R.D. 202, 228 (N.D. Ill. 2019)).

15. On information and belief, Plaintiff's counsel would be expected to have spent at least 125 hours investigating and researching for this case, drafting the complaint, filing the Complaint, drafting and filing Plaintiff's motion for class certification (**Exhibit C**) and Plaintiff's motion for substitution of judge (**Exhibit D**), drafting other papers such as proposed state court orders (**Exhibits E and F**), and any appearances before or communications with the state court prior to service on Best Buy (**Exhibit G**). This would place at least $75,000 ($600/hr. x 125 hours = 75,000) in controversy to date based on Plaintiff's claim for fees alone.

16. The dollar estimates provided in this Notice merely reflect Best Buy's understanding of the amounts in dispute in this case based on the relief sought in Ms. Keiser's Complaint. They are not an admission that Plaintiff is entitled to such relief, or any relief at all.

17. The estimated costs for compliance with the requested injunctive and declaratory relief, combined with the amount in attorneys' fees expected to have been incurred prior to this removal, show that the amount in controversy exceeds $5 million.

C. **There Are at Least 100 Members of the Proposed Class**

18. CAFA confers federal jurisdiction where there are at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff asserts that she intends to bring a class action on behalf of a purported class of "[a]ll citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." **Exhibit A,** at ¶ 40.

Best Buy has sold and shipped products that cost over $15 that are or were subject to a written warranty to more than 100 people in Illinois, and this requirement is satisfied.

### D. The Required Minimal Diversity Exists Between the Parties

19. A case satisfies CAFA's diversity requirement as long as one plaintiff's or class member's citizenship differs from that of the defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Here, all members of the proposed class are citizens of Illinois. **Exhibit A,** at ¶ 40.

20. Neither Best Buy Stores, L.P., nor the erroneously named Best Buy Co. Inc., is a citizen of Illinois. Best Buy Stores, L.P. is and at all relevant times was registered as a Virginia limited partnership with its principal place of business in Minnesota. *See* Virginia State Corporation Commission Website Entry for Best Buy Stores, L.P., attached hereto at **Exhibit H.1**. Best Buy Co. Inc. is, and at all relevant times was, headquartered and incorporated in Minnesota. *See* Minnesota Secretary of State Website Entry for Best Buy Co. Inc., attached hereto as **Exhibit H.2**; *see also* **Exhibit A**, ¶ 9. Thus, because at least one member of the putative class is diverse from at least one defendant, CAFA's diversity requirement is satisfied.

### III. REMOVAL IS ALSO PROPER UNDER 28 U.S.C. § 1332(a)

21. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because, as explained below, (1) there is complete diversity of citizenship between Plaintiff and Best Buy, and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Complete Diversity of Citizenship Exists

22. The Complaint alleges that Plaintiff is a resident of Cook County, Illinois and "will adequately represent the Class." **Exhibit A**, ¶¶ 8 and 47. Plaintiff further admits that "**all**

6

members of the proposed class are citizens of Illinois." **Exhibit A,** at ¶ 40 (emphasis added). The Complaint therefore identifies Plaintiff as a citizen of Illinois.

23. For the reasons stated in ¶ 20, above, Best Buy is a citizen of Virginia and Minnesota for purposes of analyzing diversity jurisdiction. Because both Plaintiff and Best Buy are citizens of different states, complete diversity of citizenship exists for jurisdictional purposes.

**B.  The Amount in Controversy Requirement is Satisfied**

24. The amount in dispute in this case exceeds $75,000, as required by 28 U.S.C. § 1332(a). As discussed above, the injunctive and declaratory relief Plaintiff seeks is itself well in excess of the $75,000 threshold. *Supra*, ¶¶ 10-15.

25. Moreover, the statutory attorney fees incurred up to the point of removal are also considered when determining the amount in controversy under 28 U.S. § 1332(a). *Burzlaff v. Thoroughbred Motorsports*, Inc., 758 F.3d 841, 845 (7th Cir. 2014). On information and belief, Plaintiff has placed in controversy at least $75,000 based on fees incurred to date. *Supra*, ¶¶ 14-15.

**IV.  ALL PROCEDURAL REQUIREMENTS ARE SATISFIED.**

26. Best Buy files this Notice of Removal under 28 U.S.C. §§ 1441(a) and 1453 in the United States District Court for the Northern District of Illinois Eastern Division. Venue is proper because the Circuit Court of Cook County, Illinois, is within this district and division.

27. This removal is timely because Best Buy was served with the Complaint on August 5, 2022. In accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) and (6)(A), this Notice of Removal is timely filed becasue the 30th day following service of the Complaint was Sunday, the following day was a legal holiday, and this Notice is filed on the next day that was not a Saturday, Sunday, or legal holiday.

28. In accordance with 28 U.S.C. § 1446(a), Best Buy encloses all the process, pleadings, and orders that have been served on Best Buy in connection with the state court action: a copy of the Complaint (**Exhibit A**), a copy of the Summons (**Exhibit B**), a copy of Plaintiffs' Motion for Class Certification and Memorandum in Support (**Exhibit C**), a copy of Plaintiffs' Notice of Motion to Substitute and Motion to Substitute (**Exhibit D**), a copy of the state court's two July 25, 2022 Orders (**Exhibit E**), a copy of the state court's July 27, 2022 Order (**Exhibit F**), and a copy of the state court docket (**Exhibit G**).

29. By filing this Notice of Removal, Best Buy does not waive any defense that may be available to it, and Best Buy expressly reserves all such defenses, including those related to personal jurisdiction, service of process, and arbitration.

30. If any question arises as to the propriety of removal to this Court, Best Buy requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

31. Pursuant to 28 U.S.C. § 1446(d), Best Buy will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits, is attached hereto as **Exhibit I.**

32. Best Buy reserves the right to amend or further supplement this Notice.

**WHEREFORE**, the case now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 2022-CH-06954, is hereby removed to the United States District Court for the Northern District of Illinois Eastern Division.

Dated: September 6, 2022              Respectfully submitted,

**BEST BUY STORES, L.P., erroneously sued as BEST BUY CO. INC., and BEST BUY CO., INC.**

By: /s/ *Michael A. Grill*
    One of Its Attorneys

Martin G. Durkin (ARDC No. 6199640)
Michael A. Grill (ARDC No. 6294284)
Melissa F. Gold (ARDC No. 6312904)
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL  60606
Telephone:  312.263.3600
Fax:  312.578.6666
martin.durkin@hklaw.com
michael.grill@hklaw.com
melissa.gold@hklaw.com