IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNA KEISER, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P.<br><br>Defendant. | No. 22-cv-04771<br>Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shawna Keiser (Keiser) bought a Nintendo Switch and Samsung Sound Bar from Best Buy but was never given the product warranties prior to the point of sale. She now brings this putative class action lawsuit on behalf of herself and all other similarly situated individuals in Illinois, against Defendant Best Buy Stores, L.P. (Best Buy) under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (MMWA). Keiser filed her suit in the Circuit Court of Cook County, Illinois. R.[1] 2-1, Compl. at 1. Best Buy removed this case to federal court invoking jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) (CAFA) and diversity jurisdiction under 28 U.S.C. § 1332. R. 2, Notice of Removal. Keiser moves to remand this case back to Cook County under 28 U.S.C. § 1447(c), based on the Court's lack of subject matter jurisdiction. R. 14, Mot. Remand at 1. For the following reasons, the Court grants Keiser's motion to remand.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

**Background**

Under the MMWA and its implementing regulations, businesses must provide access to product warranties for items costing more than $15 at the point of sale. 15 U.S.C. §§ 2301, *et seq.*; 16 C.F.R. § 702.3. Companies can display the warranties near the product or furnish the warranty upon request, so long as there are signs nearby indicating that warranties are available. 16 C.F.R. § 702.3(a)(1)–(2). Keiser bought a Nintendo Switch and Samsung Sound Bar from Best Buy but was never given the product warranties or told they existed before her purchase. Compl. ¶ 8.

Keiser filed this putative class action[2] suit against Best Buy in the Circuit Court of Cook County. Compl. Keiser claims that Best Buy violated the MMWA by failing to display or provide the product warranties before the point of sale. *Id*. ¶¶ 27–28. Keiser seeks injunctive and declaratory relief, specifically for Best Buy to comply with the MMWA as it applies to Illinois consumers. *Id*. ¶ 7. Best Buy filed a Notice of Removal, invoking federal jurisdiction under CAFA and diversity jurisdiction under 28 U.S.C. § 1332 and the case was removed to federal court. Notice of Removal. Before the Court is Keiser's motion to remand the case back to state court.

**Legal Standard**

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). A case may only be brought before the federal court, as deemed by Congress, when such a cause of action arises under a

---

[2]Keiser proposes a class consisting of "[a]ll Illinois citizens who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." Compl. ¶ 40.

2

federal question, 28 U.S.C. § 1331, or where there is diversity of citizenship among the parties, *id.* § 1332; *see also Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). District courts have diversity jurisdiction over all actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens . . . of a foreign state . . . ." 28 U.S.C. § 1332(a).

CAFA grants district courts with original jurisdiction over any class action in which: (1) the amount in controversy exceeds the sum of $5,000,000 in the aggregate; (2) there is minimal diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states; and (3) there are at least 100 members in the class. 28 U.S.C. § 1332(d)(2), (5). "CAFA was enacted to grant broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (cleaned up)[3]; *see also* S. Rep. No. 109–14, at 43, 45 (2005) (explaining that CAFA's provisions granting federal court jurisdiction should be read broadly).

A defendant may remove a case filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal, and typically any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See Jack Metzler*, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

(7th Cir. 2009). However, when CAFA is invoked, there is no antiremoval presumption. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

## Analysis

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . may bring suit for damages and other legal relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States subject to [15 U.S.C. § 2301(d)(3)]." 15 U.S.C. § 2310(d)(1). Put another way, an aggrieved consumer can bring a suit under the MMWA in either state or federal court. *Id.* The MMWA limits its grant of federal jurisdiction, however, specifying that a consumer *cannot* bring an MMWA suit in federal court:

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

Keiser argues, and Best Buy does not dispute, that the MMWA's jurisdictional requirements are not met, and therefore the MMWA does not confer federal jurisdiction in this case. R. 15, Memo. Remand at 4; R. 20, Resp. at 3. Rather, Best

4

Buy asserts federal jurisdiction based on CAFA or alternatively, diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal at 2–7; Resp. at 2. In her motion to remand, Keiser argues that neither CAFA nor traditional diversity jurisdiction can be used to sidestep the jurisdictional requirements of the MMWA, and therefore, the Court lacks subject matter jurisdiction over her claim. Memo. Remand at 2. The Court addresses each argument in turn.

I.  **Class Action Fairness Act**

Keiser argues that CAFA is not an independent, alternative path to federal jurisdiction for her MMWA claim. Memo. Remand at 2. Keiser posits that establishing federal jurisdiction through CAFA would render parts of the MMWA superfluous and contravene Congressional intent.[4] *Id.* at 4. Not so, argues Best Buy, as CAFA is an alternative path to federal jurisdiction for MMWA claims because Congress passed CAFA with the intention of expanding federal court jurisdiction over class action claims.[5] Resp. at 5.

---

[4] After briefing was completed, Keiser filed numerous notices of supplemental authority in support of her argument: R. 31-1, *Rowland v. Helen of Troy Ltd.*, No. 2:22-cv-1495 (W.D. Pa. Dec. 27, 2022); R. 36-1, *Corn v. Home Depot, Inc.*, 22-cv-04627, ECF No. 24 (N.D. Ill. Jan. 25, 2023); R. 36-2, *Zortea v. Costco Wholesale Corp.*, No. 22-cv-01316, 2023 WL 1970579 (W.D. Pa. Feb. 13, 2023); R. 36-3, *Rowland v. Helen of Troy Ltd.*, 2023 WL 1996691 (W.D. Pa. Feb. 14, 2023); R. 36-4, *Zortea v. Samsung Electronics America, Inc., et al.*, No. 22-cv-1309, ECF No. 31 (W.D. Pa. Feb. 14, 2023); R. 39-1, *In re: Home Depot, Inc.*, No. 23-8003, ECF No. 6 (Apr. 13, 2023); R. 42-1, *Rowland v. Bissell Homecare, Inc.*, 73 F. 4th 177 (3rd Cir. 2023); 43-1, *Keiser v. HP, Inc.*, 22-cv-4457 ECF No. 45 (N.D. Ill. Aug. 10, 2023).

[5] Like Keiser, after briefing was completed, Best Buy filed several motions for leave to file supplemental authority in support of its argument: R. 25-1, *Corn v. Target Corp.*, 22-cv-4700 (N.D. Ill. Nov. 7, 2022); R. 33-1, *Leflar v. Target*, 57 F.4th 600 (8th Cir. 2023); R. 44-1, *Chambers v. Stihl Inc. USA*, 4:22-cv-00688 ECF No. 41 (E.D. Ark. Aug. 11, 2023); R. 44-2, *Allinder v. Dollar General Corp.*, 4:22-cv-00801 ECF No. 37 (E.D. Ark. Aug. 11, 2023); R. 44-3, *Leflar v. Best Buy Stores LP*, 4:22-cv-01022 ECF No. 24 (E.D. Ark. Aug. 11, 2023). The Court granted Best Buy's motions. R. 26, 34, 45.

5

The Seventh Circuit has yet to address whether a class action based on violations of the MMWA that does not satisfy the MMWA's numerosity requirement but satisfies CAFA's jurisdictional requirements may be brought in federal court. The closest the court came to the issue was in *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726 (7th Cir. 2021). In *Ware*, the plaintiffs argued that there was federal jurisdiction over their MMWA claim under CAFA. The Seventh Circuit recognized that under CAFA, federal courts "have jurisdiction over putative class actions where there are at least 100 plaintiffs," although unlike the MMWA, "they need not be named." *Id*. at 733. The court noted that the plaintiffs' argument "implicates a split in authority about the interaction between the class requirements under CAFA and the Magnuson-Moss Warranty Act." 6 F.4th at 733 n.2 (citing *Floyd v. Am. Honda Motor Co.*, 966 F. 3d 1027, 1034–35 (9th Cir. 2020); *Barclay v. ICON Health & Fitness, Inc.*, 2020 WL 6083704, *7 (D. Minn. Oct. 15, 2020)). The court, however, found that it need not weigh in on the issue because it did not affect the outcome in that case since plaintiffs failed to plead the requisite amount in controversy under CAFA. *Id.*

At least one district court has read *Ware* to suggest, "without deciding, that if CAFA's amount in controversy had been satisfied—that is, if jurisdiction existed independently under CAFA—jurisdiction over the MMWA claim may have existed." *Corn v. Home Depot*, 22-cv-04627, ECF No. 24 at 3. But, as stated above, the Seventh Circuit did not decide the issue either way in *Ware*. Best Buy argues that the Seventh Circuit again implied that CAFA offers an independent basis for federal jurisdiction in *In re: Home Depot*, No. 23-8003, ECF No. 6. R. 41, Def.'s Resp. Pl.'s Suppl. Auth.

6

The Court finds that Best Buy reads too much into the Seventh Circuit's unpublished order. In *In re: Home Depot*, the Seventh Circuit denied Home Depot's petition for leave to appeal pursuant to 28 U.S.C. § 1453(c) the district court's order remanding the case to state court. No. 23-8003, ECF No. 6. The court denied the petition in a one paragraph, unpublished order, in which it agreed with the district court that the petitioner could not satisfy CAFA's jurisdictional requirements. *Id.* The order did not mention the MMWA, much less address the interplay between CAFA and the MMWA. *Id.* What's more, as the Seventh Circuit has repeated, it does not defer to non-precedential dispositions. *See United States v. Prado*, 41 F.4th 951, 953 n.1 (7th Cir. 2022) (citing Seventh Cir. Rule 32.1). Keiser, on the other hand, points out that the Seventh Circuit, while not presented with the question currently before the Court, has stated that MMWA claims in federal court are subject to the MMWA's jurisdictional limitations. Reply at 7 (citing *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844 (7th Cir. 2014)).

Because the Seventh Circuit has not squarely addressed the issue and thus there is no controlling authority, the Court looks to persuasive authority. As the Seventh Circuit observed in *Ware*, out-of-Circuit courts are divided on whether a federal court has subject matter jurisdiction over a MMWA case where the plaintiff fails to satisfy the MMWA's numerosity requirement but satisfies CAFA. 6 F.4th at 733 n.2. And as the parties point out, so are courts within this District. *Compare Corn v. Target Corp.*, 22-cv-4700; *Stella v. LVMH Perfumes & Cosms. USA, Inc.*, 564 F. Supp. 2d 833, 838 (N.D. Ill. 2008); *Clark v. Wynn's Extended Care*, 2007 WL 922244,

7

at *4–5 (N.D. Ill. Mar. 23, 2007) (finding that CAFA provides an alternative basis for jurisdiction); *with Keiser v. HP*, 22-cv-04457 ECF No. 45; *Corn v. Home Depot, Inc.*, 22-cv-04627 ECF No. 24 (finding the CAFA does not provide a basis for jurisdiction if the MMWA's jurisdictional requirements are not met). Both camps premise their conclusion on the plain text of the MMWA, which comports with the principle that, when interpreting a statute, courts must begin with the language of the statute. *Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992); *see also KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 728 (7th Cir. 2013).

The first approach, which Best Buy advocates and which this Court has previously followed, finds CAFA to provide jurisdiction even when the MMWA's jurisdictional requirements are not met. The court in *Barclay v. ICON Health & Fitness, Inc.*, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020), cited by Best Buy, followed this approach, agreeing with the plaintiffs that it had jurisdiction under CAFA even though it did not under the MMWA because the action had fewer than 100 named plaintiffs. After noting the split of authority on the issue, the court noted that "the MMWA authorizes jurisdiction in two alternative venues: (1) any court of competent jurisdiction in any State or the District of Columbia; and (2) an appropriate district court of the United States." *Id.* (cleaned up). The court found that, by "the statute's plain text, federal courts fall in both categories. They fall within the first category because federal courts are 'in'—*i.e.*, within the boundaries of—states and the District of Columbia." *Id*. The court explained that, "[h]ad a different preposition been used in describing the first category—'of' for example—then the statute's text would

8

not be susceptible to this interpretation." *Id*. Continuing, the court observed that "[a] federal is not a court 'of' any state. In other words, if a federal court has some other source of subject-matter jurisdiction, then it may be a 'court of competent jurisdiction' under the MMWA." *Id*. The second category, noted the court, is limited to federal courts. *Id*. The court reasoned that "[i]f the MMWA is a plaintiff's *sole* basis for asserting federal jurisdiction, then that plaintiff needs to meet the MMWA's extra jurisdictional requirements." *Id*. (emphasis in original). The court reasoned, however, that by enacting CAFA, Congress intended to expand "federal jurisdiction over class actions that would otherwise have remained in state courts." *Id*. Therefore, because CAFA was enacted after the MMWA, the court found that "once plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply." *Id*.

The Sixth Circuit, in a nonprecedential opinion, held the same, explaining that it was following a trend among district courts finding that CAFA "effectively supersedes the MMWA's more stringent jurisdictional requirements." *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (citing, among other cases, *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 837–38 (N.D. Ill. 2008); *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 626 (D.S.C. 2006)).[6] In sum, courts in this camp reason that "[b]ecause MMWA claims are civil actions and are not otherwise excepted from CAFA's plain text, it follows under this logic that in enacting CAFA in 2005, Congress opened a second jurisdictional door for MMWA

---

[6]The Court of Appeals for the Eighth Circuit "assum[ed] without deciding" that, if CAFA's jurisdictional requirements are met, the MMWA's requirements need not be met, because neither party "challenge[d] this conclusion." *Leflar v. Target Corp.*, 57 F.4th 600, 602 n.1 (8th Cir. 2023).

9

plaintiffs to access federal forums." *Ghaznavi v. De Longhi Am., Inc.*, 2023 WL 4931610, at *8 (S.D.N.Y. Aug. 2, 2023).

On the other hand, the only two Circuit courts to have issued precedential opinions on the question have both come to the opposite conclusion, which Keiser argues the Court should follow. *See Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 182–85 (3d Cir. 2023); *Floyd*, 966 F. 3d 1027, 1033–35 (9th Cir. 2020). In *Floyd*, the Ninth Circuit found that it lacked subject matter jurisdiction over the MMWA claim because the plaintiff did not satisfy the MMWA's numerosity requirement and CAFA did not supersede the MMWA to provide jurisdiction. 966 F.3d at 1033–35. As stated above, more recently the Third Circuit came to the same conclusion, also focusing on the plain language of the MMWA. *Rowland*, 73 F.4th 177, 182–85. *Rowland* first examined Section 2310(d)(1)(A) and (B) and—contrary to the holding in *Barclay* advocated by Best Buy, Resp. at 6—found that "the only way to invoke federal jurisdiction is through § 2310(d)(1)(B), as this is the only jurisdictional provision that expressly references federal courts. . . . If § 2310(d)(1)(A) was intended to provide an alternative path to federal court, as Defendants argue, Congress could have said so expressly, as it did in § 2310(d)(1)(B)." *Id.* at 180–81 (citing *Weichsel v. JP Morgan Chase Bank, N.A.*, 65 F.4th 105, 113 (3d Cir. 2023) ("Where a statute or regulation uses specific language in one [provision] but different language in another, the Court presumes different meanings were intended." (quotations omitted))).

The court in *Rowland* went on to examine other language in the statute— Section 2310(d)(1)(B)'s requirement that a plaintiff can bring suit in federal court

10

"subject to" Paragraph 3's requirements and Section 2310(d)(3)'s text that "[n]o claim shall be cognizable" if those requirements are not met—and found it to plainly mean that a plaintiff can bring suit in federal court only if the jurisdiction requirements of Paragraph 3 are met. 73 F.4th at 181 (finding that "subject to" means "only if," and "cognizable" means "[c]apable of being tried or examined before a designated tribunal") (cleaned up). The conclusion that Section 2310(d)(1)(B) provides the only avenue for a federal court to hear a MMWA claim, reasoned the Third Circuit, is supported by the interpretative canon that courts "construe a statute 'so that no part will be inoperative or superfluous, void or insignificant.'" *Id.* (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Because Section 2310(d)(1)(B) allows suits only when Paragraph 3's jurisdictional prerequisites are met, reading Section 2310(d)(1)(A) to include both federal and state courts would "render § 2310(d)(1)(B) and Paragraph 3's jurisdictional requirements insignificant, if not wholly superfluous." *Id.* at 181–82 (cleaned up). Moving beyond the plain language of the statute, the court also found that this conclusion is supported by the statute's purpose, that is, "to restrict access to federal court for MMWA claims." *Id.*

Having determined that only § 2310(d)(1)(B) provides for federal court jurisdiction over MMWA claims, the Third Circuit examined whether CAFA provides an independent basis for jurisdiction even when § 2310(d)(3)'s jurisdictional requirements are not met. *Rowland*, 73 F.4th at 182–83. It started with "the presumption that federal courts have diversity jurisdiction, including under CAFA, regardless of the nature of the claim, so long as the requirements of 28 U.S.C. § 1332

11

are satisfied." *Id.* at 183 (cleaned up). That presumption can be rebutted only where "Congress has explicitly expressed an intent to strip federal courts of [diversity] jurisdiction, or where such jurisdiction is found to be irreconcilable with a congressional statute." *Id.* (cleaned up). The Third Circuit determined that the MMWA's more stringent jurisdictional requirements (namely, the 100-named plaintiffs requirement) is irreconcilable with CAFA (which requires only one named plaintiff), and therefore found the presumption of diversity jurisdiction to be rebutted. *Id.* Moreover, finding CAFA not to supersede the MMWA's more specific jurisdictional requirements follows the "basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Id.* at 184 (cleaned up). And the court noted that CAFA and the MMWA could co-exist, as "CAFA still governs class actions that meet its jurisdictional requirements outside the narrow context of MMWA class actions." *Id.* Therefore, reasoned the Third Circuit, its holding is consistent with the Supreme Court's mandate that, "it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each [statute] effective" when the two statutes are capable of coexistence. *Id.* (quoting *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 143–44 (2001)). Citing to *Floyd*, the court found that "CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements." *Id.* (quoting 966 F.3d at 1035).

12

Admittedly, this Court previously agreed with the courts in the first camp, finding that CAFA provides alternative jurisdiction over a plaintiff's MMWA claim, notwithstanding the failure to satisfy the MMWA's numerosity requirement. *See Velez v. RM Acquisition, LLC*, 2023 WL 3043239, at *4–5 (N.D. Ill. Apr. 21, 2023); *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 564 (N.D. Ill. 2021). However, the Court has considered the authority and supplemental authority cited by the parties and has conducted a careful review of the MMWA and CAFA's text in the context of that authority. After that review, for the reasons discussed in *Rowland* (as well as in *Floyd*), it finds that CAFA does not provide a workaround for the jurisdictional requirements of the MMWA. The Court acknowledges some tension between competing canons of statutory interpretation—namely "the principle that Congress legislates with knowledge of other statutes, which may favor [the first view, articulated in *Barclay*], and the principles that more tailored statutes control over general ones and that courts should construe statutes to coexist whenever possible, both of which favor the opposite conclusion." *Ghaznavi*, 2023 WL 4931610, at *9. The Court finds that the latter arguments hold more weight because, as Keiser argues, to find to the contrary would effectively render meaningless the stringent jurisdictional requirements included in the MMWA. Reply at 7; *Ghaznavi*, 2023 WL 4931610, at *9. And "[i]t is an extraordinary thing for a court to effectively nullify a federal statute." *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). As both the Ninth and Third Circuits have found, Congress did not set forth in CAFA a clear intent to supplant

13

the MMWA's jurisdictional requirements. *Floyd*, 966 F.3d at 1035; *Rowland*, 73 F.4th at 184.

While this Court has previously found that CAFA provided an alternative basis for jurisdiction over MMWA claims, those cases are distinguishable from this case, as the plaintiffs in *Velez* and *Van Zeeland* alleged state law claims over which the Court exercised jurisdiction pursuant to CAFA, and therefore which, although not argued by the parties, could have provided a basis for the Court to exercise supplemental jurisdiction over the MMWA claims pursuant to 28 U.S.C. § 1367.[7] *See Velez*, 2023 WL 3043239, at *2 (asserting causes of action for violation of the MMWA, breach of express warranty, breach of implied warranty of merchantability, violations of the Illinois Consumer Fraud and Deceptive Practices Act, among other state claims); *Van Zeeland*, 532 F. Supp. 3d at 563–64 (asserting the same causes of action as *Velez*). The Seventh Circuit has held that a court may exercise supplemental jurisdiction over a MMWA claim. *Ware*, 6 F.4th at 732 ("If this putative state-law class met the criteria for diversity citizenship, then the district court could have exercised supplemental jurisdiction over the Magnuson-Moss claims."); *see also Keiser v. HP*, 22-cv-4457 ECF No. 45 (noting that it "seem[s] to be the norm" that a court could have exercised supplemental jurisdiction over MMWA claims in cases in which courts have found that CAFA provides an alternative basis for the exercise of jurisdiction over MMWA claims). Of course, the issue of whether the Court could have exercised

---

[7]The plaintiffs in *Kuns, Barclay*, and *Stella*, cases on which this Court relied in *Velez* and *Van Zeeland*, also asserted state law claims in addition to MMWA claims. *See Kuns*, 543 F. App'x at 572; *Barclay*, 2020 WL 6083704, at *2; *Stella*, 564 F. Supp. 2d at 835.

14

supplemental jurisdiction over the MMWA claims at issue in *Velez* and *Van Zeeland* is not currently before the Court, so the Court does not decide the issue. Here, Keiser brings *only* a claim under the MMWA, so supplemental jurisdiction could not provide a basis for jurisdiction.

For the foregoing reasons, the Court finds that CAFA does not override the MMWA's jurisdictional requirements, and therefore is not a basis for federal jurisdiction over Keiser's MMWA claim. Accordingly, the Court need not address the parties' arguments as to whether CAFA's jurisdictional minimum is met.

## II. Diversity Jurisdiction

Alternatively, Best Buy also argues that diversity jurisdiction under 28 U.S.C. § 1332(a) confers federal jurisdiction in this case. Resp. at 2, 15. Keiser counters that litigants cannot use traditional diversity jurisdiction to sidestep the MMWA's jurisdictional requirements. Memo. Remand at 2; Reply at 2, 6, 10. As stated above, the removing party—here, Best Buy—bears the burden of demonstrating the propriety of removal, and typically any doubt regarding jurisdiction should be resolved in favor of remand. *Schur*, 577 F.3d at 758. Along the same lines, as the Seventh Circuit stated in *Ware*, "[o]nce jurisdiction has been called into doubt, the proponent of federal jurisdiction bears the risk of non-persuasion." *Ware*, 6 F.4th at 731 (cleaned up). Because "[f]ederal courts are courts of limited jurisdiction[,] [i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (cleaned up).

15

Beyond summarily positing that removal is also proper under § 1332(a), Best Buy sets forth no developed argument nor authority in support of its argument as to why traditional diversity jurisdiction provides an alternative basis for subject matter jurisdiction when the MMWA's jurisdictional requirements are not met. Resp. at 15. On the other hand, Keiser distinguishes Best Buy's arguments made in support of CAFA as an alternative jurisdictional basis from the argument that traditional diversity jurisdiction provides such a basis. Reply at 6. Specifically, Keiser points out that Best Buy's argument that because Congress passed CAFA after the MMWA and with the intention of expanding federal jurisdiction, Congress must have intended to allow cases that satisfy CAFA's requirements to stay in federal court even where they do not satisfy the MMWA's requirements, undermines its argument as to diversity jurisdiction, since the MMWA's jurisdictional provisions are more specific and more recent than § 1332's. *Id.* The Court finds Keiser's argument persuasive, but it need not definitively decide whether it is correct, since Best Buy, as the proponent of federal jurisdiction, has not met its burden of establishing that the Court indeed has jurisdiction over the MMWA claim under § 1332(a).

"It is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Vertex refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 374 F. Supp. 3d 754, 765 (N.D. Ill. 2019) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996), *amended* (Mar. 28, 1996)). Without any developed argument or authority in support, the Court finds that Best Buy has not met its burden of establishing that

16

the Court can exercise diversity jurisdiction over Keiser's MMWA claim where the MMWA's prerequisites are not met. *See Ware*, 6 F.4th at 731.

## Conclusion

For the foregoing reasons, Keiser's motion to remand [14] is granted. The Clerk is directed to remand this case forthwith to the Circuit Court of Cook County.

Franklin U. Valderrama
United States District Judge

Dated: August 17, 2023